**Christopher ALLEN, Petitioner–Appellant,**

v.

**Jack DUCKWORTH, Respondent–Appellee.**

No. 91–3229.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 3, 1993.

Decided Sept. 29, 1993.

Jerold S. Solovy, C. John Koch, Deirdre E. Connell (argued), Jenner & Block, Chicago, IL, for petitioner-appellant.

David A. Arthur, Deputy Atty. Gen., Thomas D. Quigley (argued), Office of Atty. Gen., Federal Litigation, Indianapolis, IN, for respondent-appellee.

Before BAUER, Chief Judge, and POSNER and MANION, Circuit Judges.

POSNER, Circuit Judge.

In November 1986, in a state court in Indiana, the petitioner was convicted of attempted murder and attempted robbery and sentenced to a total of fifty years in prison. He appealed to the Supreme Court of Indiana. Briefs were filed, and the case taken under submission, in 1988. Years passed with no decision. Finally in 1991 the petitioner filed this action for habeas corpus in federal district court, charging that the delay in resolving his appeal had denied him due process of law. Shortly after he filed his federal action, the state supreme court, in July 1991, almost four and a half years after his conviction, handed down its decision. It affirmed both convictions but lopped ten years off the petitioner's sentence. *Allen v. State*, 575 N.E.2d 615 (Ind.1991). The district court then denied the petition for habeas corpus on the ground that the decision of the appeal had made the petitioner's claim that the delay in deciding the appeal had denied him due process of law moot.

■ There is a nice question, unnecessary to decide, whether exhaustion of state remedies is required when a prisoner is complaining about inordinate delay in the state court system. Requiring exhaustion would add another layer of delay—would make the requirement of exhaustion literally exhausting, and might even threaten an infinite regress. It seems a case for invoking the exception to the exhaustion requirement when there are "circumstances rendering [state corrective] process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). Many cases so hold; illustrative are *Harris v. Champion*, 938 F.2d 1062, 1068–69 (10th Cir. 1991), and *Coe v. Thurman*, 922 F.2d 528, 530–31 (9th Cir.1990). We have taken no position, *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir.1992), and need not do so today, since if the case was moot the district court lost jurisdiction whether or not the petitioner was excused from seeking a state remedy for the state supreme court's delay.

We can assume, as a number of cases have held, though none in this circuit, e.g., *Cody v. Henderson*, 936 F.2d 715, 718–19 (2d Cir. 1991); *Coe v. Thurman, supra*, 922 F.2d at 530, that excessive delay in the processing of a criminal defendant's state appeal can be a denial of due process of law. The defendant has no federal constitutional right to an appeal, *Ross v. Moffitt*, 417 U.S. 600, 611, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974), but a state is not permitted with one hand to grant

such a right and with the other to take it away in an arbitrary fashion, as by denying an indigent a free transcript of the trial, *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956), or preventing a prisoner from filing a timely notice of appeal, *Burns v. Ohio*, 360 U.S. 252, 257, 79 S.Ct. 1164, 1168, 3 L.Ed.2d 1209 (1959)—or simply refusing to decide an appeal. So at least a number of courts have held, and we would have no occasion in this case to quarrel with them even if we were disposed to disagree, since the petitioner must lose in any event.

This action for habeas corpus is moot if winning it would give the petitioner nothing. It would give him nothing. He is not asking that the district court or this court grant him a new trial because the delay in the decision of his appeal to the state supreme court so impaired the accuracy of the appellate procedure that his conviction is constitutionally infirm. So far as appears, the appellate decision was identical to what it would have been had the state supreme court decided the case four years earlier.

When pressed at argument to tell us what remedy the petitioner could obtain in the district court, given that he does not argue that the delay in the disposition of his appeal reduced the quality of the appellate decision, his able counsel argued that the district court could knock some time off his sentence, as the Third Circuit did for a similarly situated prisoner in *Burkett v. Fulcomer*, 951 F.2d 1431, 1447–1448 (3d Cir.1991). The theory is not that the delay in the disposition of Allen's appeal somehow resulted in a longer prison sentence—that if the Indiana Supreme Court had decided his appeal sooner it would have lopped off *more* than ten years from his sentence. The argument is that a sentence reduction would be appropriate compensation for the additional hardships that the petitioner suffered in prison as a result of the delay. It is a little hard to see what those hardships were. The petitioner was not admitted to bail while his appeal was pending, and of course the sentence that the state supreme court eventually upheld was far longer than the period of delay; so there can be no argument that the delay somehow caused or

will cause the petitioner to spend more time in prison than if there had been no delay. The argument rather is that because he had a fifty-year sentence he was confined more closely than he would have been under the forty-year sentence eventually held to be his lawful one. This seems a little implausible but we shall accept it for the sake of argument. It simply makes transparent—and counsel acknowledged at argument—that what is being sought is a compensatory remedy. Instead of money, the petitioner seeks compensation in the form of a shortened sentence. It is just a different form of currency, as is apparent by considering the employment context, in which compensatory time off is sometimes granted in lieu of extra wages.

■ Habeas corpus is not a compensatory remedy. The object is not to make whole someone who has suffered a loss; it is to determine whether a person is being confined in violation of basic norms of legality. It is conceivable that delay in processing an imprisoned defendant's appeal might make his continued imprisonment unlawful, but once the delay ends with an appellate decision not claimed to be invalid by reason of delay, as in this case, any ground for ordering him released evaporates. The petitioner was duly convicted, and the conviction upheld, if belatedly, in an appellate decision not claimed to be infected by any error that would justify his release on habeas corpus. He should serve his time. Any harm is collateral, and is redressable, in principle at least, by a civil rights suit for damages. At bottom what the petitioner is complaining about are the conditions under which he was imprisoned while awaiting the decision of his appeal, and challenges to the conditions in which a convicted defendant is confined are litigated as civil rights suits charging cruel and unusual punishment, and not under the habeas corpus jurisdiction. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir.1991). We find ourselves in respectful disagreement with the Third Circuit, which in *Burkett v. Fulcomer, supra*, 951 F.2d at 1448, actually described what it was doing as compensating the petitioner.

It is true that a suit to get transferred from a more to a less restrictive custody is within the habeas corpus jurisdiction, *Graham v. Broglin, supra,* 922 F.2d at 381, but that is a case in which the prisoner claims to be held (in the degree of confinement of which he complains) contrary to law. He wants out, though not all the way out. The petitioner in our case does not claim that he is being held illegally. He wants time off, but he wants it as compensation for something that happened in the past.

Suppose a prisoner who had been beaten by prison guards decided that he would rather have five years taken off his prison sentence than a damages judgment for $100,000. He would not be entitled to bring an action for habeas corpus on the ground that habeas corpus is the proper remedy when the compensation sought is freedom rather than money.

We acknowledge the possibility that this conclusion will leave the petitioner without any federal remedy. We have not yet described the circumstances of the delay. Apparently what happened is that the clerk of the state supreme court failed to forward the briefs to the judges of the court for two years after the briefing was completed; once the briefs were forwarded, the case was decided in six months. So the unconstitutional part of the delay, if it was unconstitutional, was the consequence of a negligent omission by a court clerk, and negligence is not actionable in a suit under 42 U.S.C. § 1983, the standard remedy for violations of federal constitutional rights by state officials. *Daniels v. Williams,* 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986). The judges of the state supreme court themselves are neither culpable nor suable for the damages caused by the delay. *Stump v. Starkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). If the ground for the appeal were federal, the prisoner could ask the federal district court to excuse him from having to exhaust his state remedies and decide his federal claim forthwith. But a prisoner who has only state grounds to tender to the appellate court can still complain if the state unreasonably blocks the appeal; it is that type of violation for which the petitioner may

have no remedy, except of course to ask the state appellate court to hurry up and decide his case!

Despite much pious protestation to the contrary, it is not true that for every legal right there is a legal remedy; immunity doctrines are only the most conspicuous illustration of this point. Habeas corpus does not provide a substitute for a damages suit even if such a suit would not be possible in the circumstances, which may well be our case.

Because our opinion creates a conflict with another circuit (the Third Circuit in *Burkett v. Fulcomer, supra*), it has been circulated to the full court under 7th Cir.R. 40(f). No member of the court in regular active service voted to hear the case en banc.

AFFIRMED.