**Robert C. BLEITNER, Petitioner–Appellant,**

v.

**George C. WELBORN and Attorney General of the State of Illinois, Respondents–Appellees.**

No. 92–2222.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 2, 1993.

Decided Jan. 31, 1994.

---

Robert C. Bleitner, pro se.

Arleen Floren, Asst. Atty. Gen., Crim. Appeals Div., Springfield, IL, Penelope Gainer, Office of Atty. Gen., Crim. Appeals Div., Chicago, IL, for respondents-appellees.

Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.

POSNER, Chief Judge.

The district court denied a petition for habeas corpus by a state prisoner. The merits are considered and decided in an unpublished order that we issue today. We confine this opinion to the question whether the district court should, without reaching the merits of the petition, have entered a default judgment in the petitioner's favor when the state neglected to file a timely response. The state had until January 20, 1992, to respond to the petition; it missed this deadline and on February 7 filed an untimely motion for an extension of time to March 31, which the court granted. The state filed its response on March 11.

█ A default judgment is a sanction, *Philips Medical Systems Int'l B.V. v. Bruetman*, 8 F.3d 600, 602 (7th Cir.1993), and a sanction should be proportionate to the wrong. Releasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, is apt to be a disproportionate sanction for the wrong of failing to file a timely motion for an extension of time. This thinking informs the principle that default judgments are disfavored in habeas corpus cases. E.g., *Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir.1981); *Hale v. Lockhart*, 903 F.2d 545, 547–48 (8th Cir.1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir.1987). Habeas corpus is a strong remedy and is therefore reserved, as we had occasion to note recently, for serious rather than merely technical violations of rights. *Waletzki v. Keohane*, 13 F.3d 1079, 1081 (7th Cir.1994). The prompt disposition of petitions for habeas corpus is highly desirable, especially given the writ's historic function of protecting the citizen against arbitrary detention; and at some point delay in the disposition of a petition for habeas corpus caused by the government's willfully refusing to file a response might infringe the petitioner's right to due process of law. *Ruiz v. Cady, supra*, 660 F.2d at 340; cf. *Allen v. Duckworth*, 6 F.3d 458, 459 (7th Cir.1993). Yet even when the case is nearing that point, the district court, rather than entering a default judgment, ordinarily should proceed to the merits of the petition, since if the petition has no merit the delay in disposing of it will in the usual case have caused no prejudice to the petitioner. *Id.* Here the delay was only of weeks, and there is no suggestion that the petitioner was harmed by it. There was no denial of due process.

█ Still we should consider whether allowing the state to file an untimely response to the petition was proper. *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir.1974) (per curiam), held that once the deadline for the response passes, the district court must proceed to the merits. But when *Mattox* was decided, the deadline for responses to petitions for habeas corpus was rigidly prescribed: the state had three days to respond to the petition for habeas corpus after being ordered to do so, which could be extended to up to 40 days for good cause, but no more. 28 U.S.C. § 2243; Fed.R.Civ.P. 81(a)(2). Two years later, the Rules Governing Section 2254 Cases in the United States District Courts, which have the force of a superseding statute, 28 U.S.C. § 2072(b), were promulgated, and they loosened up the

deadline for responses. Rule 4 leaves it up to the district court to fix the deadline. Rule 11 makes the Federal Rules of Civil Procedure applicable to habeas corpus to the extent they are consistent with the rules governing section 2254. And Fed.R.Civ.P. 6(b)(2) allows a district judge (with inapplicable exceptions) to grant an untimely motion to extend a deadline, provided the failure to file a timely motion was due to excusable neglect. It is not argued that the state's neglect in this case was inexcusable.

We are mindful of long delays in a number of districts within this circuit in the filing by state attorneys general of responses to petitions for habeas corpus. This is a deplorable situation, but certainly in a case such as this where the delay was brief and nonprejudicial and was found by the district judge not to have been inexcusably neglectful, the entry of a default judgment would not have been an appropriate response. The judge acted within his discretion, and the judgment is therefore

AFFIRMED.