**In re Gerald Michael MADISON, Debtor–Appellant.**

**Civ. No. 93–00954MP.**

United States District Court, D. Hawai'i.

March 23, 1994.

Dawn Smith, Honolulu, HI, for debtor.

Thomas J. Sawyer, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, DC, and Carol Muranaka, I.R.S. Dist. Counsel, Honolulu, HI, for U.S.

Howard M.S. Hu, Trustee, Honolulu, HI.

### ORDER DENYING MOTION FOR JUDGMENT BY DEFAULT

PENCE, Senior District Judge.

Debtor Gerald Michael Madison ("appellant") appealed the bankruptcy court's Order

of October 12, 1993 denying confirmation of his chapter 13 plan, and Order of November 3, 1993 dismissing his voluntary Chapter 13 bankruptcy petition. Appellant properly filed his brief on January 24, 1994.

In response, the United States filed its brief on February 24, 1994. It's brief, therefore, was filed one day later than that allowed by Local Rule 2.03.

On March 8, 1994, this court filed its affirmance of the bankruptcy court's Orders denying confirmation of appellant's Chapter 13 plan and dismissal of his Chapter 13 bankruptcy. On March 10, 1994, appellant filed the instant Motion for Judgment by Default due to the appellee's failure to timely file its reply brief.

 While the government's late filing by even as little as a day cannot be condoned, nevertheless, solely from a review of appellant's opening brief and without considering the government's brief it was apparent to this court that Madison's appeal was without merit. A default judgment is a sanction and should be proportionate to the wrong. *Philips Medical Systems Int'l B.V. v. Bruetman*, 8 F.3d 600, 602 (7th Cir.1993). As set forth in *Bleitner v. Welborn*, 15 F.3d 652 (7th Cir.1994), a court has discretion to proceed to the merits of a petition rather than entering default judgment since, if the petition has no merit, delay in disposing of it would cause no prejudice to the petitioner. Default judgment under F.R.Civ.Pro. 56, as prayed for by the appellant, would impose upon the United States a sanction which, under the circumstances, would be grossly disproportionate to its one-day tardiness. As indicated, appellant Madison's appeal is without merit, and to impose the sanction requested would give the appellant a judgment to which he is manifestly not entitled.

Appellant's Motion is summarily DENIED.

IT IS SO ORDERED.