105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond Lee CLIFTON, Petitioner-Appellant,
v.
C.A. TURNER, Warden, et al., Respondents-Appellees.
 No. 95-3684.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1996.*
Decided Dec. 31, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Raymond Lee Clifton seeks multiple writs of habeas corpus to restore good time credits he lost for infractions of prison rules, and to advance the date of his parole release. Clifton was an inmate of Marion when he commenced this action in 1992; he has since been transferred to Florence (which succeeded Marion as the home of the nation's most incorrigible violent offenders).
 
 
 2
 Most of Clifton's arguments are procedural. He contends, for example, that the district court violated his right to a speedy resolution of his claims. Prompt disposition of petitions for writs of habeas corpus is highly desirable, to ensure that people do not languish in prison when they should be free. But Clifton has some years still to go on his sentences, and as things turned out he lost on all of his claims, so delay did not occasion any unauthorized confinement. Some of the delay in adjudication is largely attributable to Clifton's multitudinous contentions and motions; what may be laid at the court's doorstep is, if error, harmless. Cf. Ex parte Royall, 117 U.S. 241, 251 (1886); Williams v. Calderon, 52 F.3d 1465 (9th Cir.1995).
 
 
 3
 Next Clifton argues that he should have received a default judgment, because the respondents filed a motion to dismiss, rather than an answer, when the district court issued a rule to show cause. Whether to grant additional time or overlook a formal error in a pleading is a subject within the district court's discretion, which was not here abused. A defect in the pleadings is not a good reason to let a violent predator out of prison. Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir.1994).
 
 
 4
 Several of Clifton's claims were dismissed, because he failed to exhaust his intra-institution remedies. Clifton tells us that he was injured, and that his temporary disabilities hampered his pursuit of administrative remedies. But this is just say-so, devoid of detail or proof; the district judge was not obliged to credit or act on it. Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir.1986).
 
 
 5
 The merits of the claims may be dealt with swiftly. The district court held, correctly, that Clifton received proper notice of each hearing, that the prison and parole officials complied with the requirements of Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), and that each of the decisions is supported by some evidence. Clifton's argument that the Parole Commission should not have relied on his institutional offenses (such as assaults and possession of weapons) when postponing his presumptive release date--"double counting," Clifton calls it--is unpersuasive. Criminal conduct within a prison's walls is a sound reason to delay release. 28 C.F.R. § 2.19. The Commission is entitled to use discretion in determining whether, and when, a person is fit to return to civilized society. The assessment that Clifton has some time to go before he reaches that status (if he ever does) cannot be deemed a violation of the Constitution--and we remind Clifton that 28 U.S.C. § 2241 is not just a variation of the Administrative Procedure Act. See Kramer v. Jenkins, 803 F.2d 896 (7th Cir.1986). The Commission's substantive decisions are insulated from administrative-procedure review by 18 U.S.C. § 4218(d), which despite its repeal continues to apply to persons such as Clifton serving time for offenses committed before November 1, 1987.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)