**Robert POTTS, a/k/a Steve Jenson, Plaintiff–Appellant,**

v.

**Dorothy BROWN, et al., Defendants– Appellees.**

No. 02–3476.

United States Court of Appeals, Seventh Circuit.

Submitted April 29, 2003.*

Decided May 2, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

ORDER

Robert Potts filed this suit, *see* 42 U.S.C. § 1983, in the midst of his Illinois state-court criminal prosecution. Mr. Potts had prevailed on his motion to suppress in the Circuit Court of Cook County, but he remained incarcerated in the county jail while the state appealed the suppression ruling. Mr. Potts concluded that the interlocutory appeal was being unnecessarily delayed after the record from the circuit court failed to reach the appellate court within the time limit prescribed by Illinois Supreme Court Rule 326. He then filed this suit alleging that Dorothy Brown, the clerk of the Circuit Clerk; an unnamed assistant clerk; and John Stroger, Jr., the president of the Cook County Board of Commissioners, were violating his constitutional rights to due process and access to the courts by not timely transmitting the record in his criminal case to the appellate court as required by the supreme court rules. Mr. Potts later tried to add as defendants the City of Chicago and several state's attorneys, public defenders, and court reporters, but the district court invoked the screening mechanism of 28 U.S.C. § 1915A and concluded that Mr. Potts failed to state a claim against any of them. For relief, Mr. Potts sought damages and an injunction ordering the clerk to transmit the record. The district court ultimately denied as moot his request for injunctive relief and dismissed the complaint for failure to state a claim. We affirm.

As an initial matter, we are puzzled that this suit was not immediately stayed under *Younger v. Harris,* 401 U.S. 37, 52–54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), pending resolution of the state criminal prosecution. Federal courts generally abstain from interfering with ongoing state criminal prosecutions, even in the context of a § 1983 suit for damages. *See Simpson v. Rowan,* 73 F.3d 134, 138 (7th Cir.1995) (applying the *Younger* abstention doctrine to claims for damages that might undermine ongoing prosecution and recognizing a stay rather than dismissal as appropriate method of abstention); *see also Nelson v. Murphy,* 44 F.3d 497, 501 (7th Cir.1995) (discussing appropriateness of *Younger* abstention even when party is not seeking injunction of state-court proceeding). Even at this stage we have no information reflecting that the state criminal proceedings have concluded, and since Mr. Potts' claim directly concerns the administration

of a state court, his suit appears to be particularly appropriate for abstention under *Younger.* Still, the defendants have plainly failed to raise the issue of abstention, and because it is not a jurisdictional doctrine, *see Kendall–Jackson Winery, Ltd. v. Branson,* 212 F.3d 995, 997 (7th Cir.2000), we will proceed to address the merits.

Mr. Potts prevailed on his motion to suppress in June 2001. The state filed a notice of appeal on July 25. Mr. Potts alleges that the record on appeal was due in the appellate court on September 26, but that the complete record did not arrive by that date. In reviewing his complaint, the district court took judicial notice of the fact that the state had twice obtained extensions of time to file the record and that the clerk had prepared the Report of Proceedings and transcripts by October 29, just 33 days after Mr. Potts' proposed deadline of September 26. Mr. Potts has not contested these dates on appeal.

Mr. Potts never identified or served the assistant clerk, and the district court early in the case had dismissed Stroger for lack of personal involvement. Thus the lawsuit went forward only as to Brown. In dismissing the case, the district court first observed that Mr. Potts' request for injunctive relief was moot because the record had reached the Illinois appellate court even before he filed suit in February 2002. The court further concluded that Mr. Potts did not state a claim for relief in any event, reasoning in part that Brown enjoyed quasi-judicial immunity from suits for damages and that the brief delay in filing the record was insufficient to support a constitutional claim under either of the two theories that Mr. Potts offered.

Throughout the litigation Mr. Potts has premised his arguments primarily on his contention that the record from his criminal case did not reach the Illinois appellate court in the 63–day window allowed by state supreme court rules and that such delays are standard practice for Brown's office. But a violation of state law does not itself give rise to a constitutional claim, *Windle v. City of Marion,* 321 F.3d 658, 662 (7th Cir.2003), and neither does a violation of state-court rules.

Mr. Potts attempts to ground his claims in the federal constitution by arguing that the delay in filing the record violated his rights to due process and access to the courts. But he does not contend that these rights would have been impaired even if the record had been prepared in a timely fashion, or that he was harmed by additional delays after the record was complete. Instead, he focuses solely on the extra time that it took to prepare the record beyond the 63–day period allotted to Brown by the supreme court rules. But that short delay cannot support a due process claim. We have recognized in the habeas corpus context that a state court's "excessive" delay in deciding a direct appeal might give rise to a due process claim, *Allen v. Duckworth,* 6 F.3d 458, 459–60 (7th Cir.1993), but Mr. Potts has not alleged an excessive delay in the processing of his appeal. Even the 96 days overall that it took the clerk to prepare the record and transmit it to the appellate court is not an excessive amount of time for processing a record. Indeed, Mr. Potts asserts that the clerk regularly takes longer than 63 days to complete this task. His claim that he has been denied access to the courts is also infirm–he has not alleged that the delay has impaired his ability to defend against the state's appeal. *Lewis v. Casey,* 518 U.S. 343, 351–52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (actual injury is an element in access to courts claims); *Tarpley v. Allen County, Indiana,* 312 F.3d 895, 899 (7th Cir.2002). Certainly he is in no position to make such an allegation

until he learns the outcome of the appeal. We agree with the district court that Mr. Potts' allegations fail to state a claim under either of his theories.

On appeal Mr. Potts argues that he presented a speedy trial argument and that the district court erred in failing to address it. But his complaint does not mention his right to a speedy trial, so he waived this argument by failing to present it to the district court. *Grayson v. City of Chicago*, 317 F.3d 745, 751 (7th Cir.2003).

Given our conclusion that Mr. Potts has failed to state a claim, we need not address his challenges to the district court's determination that Brown was protected from liability by judicial immunity, and the court's refusal to let Mr. Potts add additional defendants to the suit.

The judgment of the district court is AFFIRMED.