Nathaniel L. WILLIAMS, Jr.,
Petitioner–Appellant,

v.

Michael F. SHEAHAN, Respondent–
Appellee.

No. 02–3638.

United States Court of Appeals,
Seventh Circuit.

Submitted July 29, 2003.*

Decided Aug. 5, 2003.

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

ORDER

Illinois prisoner Nathaniel Williams, Jr., who is serving life without parole for committing armed robbery as a "habitual criminal," see 720 ILCS 5/33B–1, filed a petition under 28 U.S.C. § 2254 alleging that the overall delay in processing his direct appeal–which resulted from delays in filing the notice of appeal and preparing the record and brief–deprived him of due process. The district court dismissed the petition without prejudice, ruling that the delay was not "inordinate," but granted a certificate of appealability "on the issue of whether there has been an inordinate delay in the state appellate process." After Williams filed this appeal, the Illinois appellate court affirmed his conviction. See People v. Williams, No. 1–00–0983 (Ill. App.Ct. Jan. 30, 2003) (unpublished decision).

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a)(2).

We have suggested that inexcusable delays in processing direct criminal appeals may give rise to due process claims, *see Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir.1996); *Allen v. Duckworth*, 6 F.3d 458, 459 (7th Cir.1993), but such claims generally become moot once the state court decides the petitioner's appeal. That is the case here: Williams sought only a conditional writ ordering the state to release him if his appeal was not adjudicated within a reasonable time; he does not contend that the delay affected the outcome of his direct appeal. *Cf. Allen*, 6 F.3d at 460–61. "It is conceivable that delay in processing an imprisoned defendant's appeal might make his continued imprisonment unlawful, but once the delay ends with an appellate decision not claimed to be invalid by reason of delay, as in this case, any ground for ordering him released evaporates. The petitioner was duly convicted, and the conviction upheld, if belatedly, in an appellate decision not claimed to be infected by any error that would justify his release on habeas corpus." *Id.* at 460. *Cf. United States v. Mitchell*, 58 F.3d 1221, 1223 (7th Cir.1995) (timely appeal from re-entered judgment of conviction moots claim that counsel was ineffective for failing to appeal from original judgment).

AFFIRMED.