**Jack ZINGERMAN, Plaintiff–Appellant,**

v.

**FREEMAN DECORATING COMPANY, Defendant–Appellee.**

No. 03–3573.

United States Court of Appeals, Seventh Circuit.

Argued March 30, 2004.

Decided May 5, 2004.

Robert S. Pinzur, Pinzur & Hartstein, Long Grove, IL, for Plaintiff–Appellant.

Helen N. Baker, Freeborn & Peters, Chicago, IL, for Defendant–Appellee.

Before POSNER, RIPPLE, and MANION, Circuit Judges.

## ORDER

Jack Zingerman sued the Freeman Decorating Company for national-origin and religious discrimination in violation of Title VII. The district court entered summary judgment for Freeman. On appeal, Zingerman challenges the district court's denial of the parties' joint motion for an extension of the discovery period and the district court's consideration of several affidavits offered by Freeman. We affirm.

On December 6, 2002, the district court entered a scheduling order setting April 30, 2003 as the discovery deadline and May 30, 2003 as the dispositive-motions deadline. After wrangling with Freeman's attorneys over the location and date of several depositions, Zingerman's firm scheduled the depositions of several of Freeman's most important representatives for April 29 and 30, the last two days before the discovery deadline. On April 24, however, the mother of attorney Barbara Bryan died, which made that lawyer unavailable until after the close of discovery. Instead of arranging for another lawyer in the firm to handle the depositions (Bryan was not the lead counsel on the case), Zingerman's firm asked Freeman's attorneys to agree to file a joint motion to extend the discovery deadline. Freeman's counsel consented to that relief, provided

that the dispositive-motions deadline was also extended.

The parties waited, however, until May 2—which was after the close of discovery—to file their joint motion for an extension. The tardiness of the parties' motion meant that the district court had discretion to grant the extension, provided that "excusable neglect" justified Zingerman's failure to comply with the district court's discovery deadline. Fed.R.Civ.P. 6(b)(2); *Bleitner v. Welborn*, 15 F.3d 652, 654 (7th Cir.1994); *see also Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir.1989) (internal quotation omitted) (interpreting "excusable neglect" in the context of Fed. R.App. P. 4(a)(5) and stating that "the excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases").[1] When, on May 8, the parties appeared before the district court in support of the motion, however, they presented no argument beyond that outlined in the motion itself, which did not even address Rule 6(b)(2) or discuss excusable neglect. From the bench, the district court denied the motion on the ground that extending discovery would necessitate an unwarranted delay in the trial. On August 29, 2003, the district court entered summary judgment in Freeman's favor, concluding that no reasonable jury could find that Freeman violated Title VII.

■ Zingerman appeals the district court's grant of summary judgment, arguing first that the district court abused its discretion by refusing to grant an extension of discovery. Zingerman faces a high obstacle when seeking relief on this ground: he must show that "it is apparent that the judge has acted unreasonably." *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1222 (7th Cir.1990); *see also United States v. Egwaoje*, 335 F.3d 579, 587–88 (7th Cir.2003) (stating that "[a] district court's exercise of its discretion in scheduling trials and granting or denying continuances is almost standardless" and "virtually unreviewable") (quotations omitted).

Before the district court, the parties did not address the standard of excusable neglect. In the unusual instances in which a party establishes excusable neglect, it must satisfy a two-pronged inquiry. First, the moving party must demonstrate that his failure to meet the deadline was because of neglect. Neglect exists where the failure to meet a deadline was because of a simple, faultless omission to act, or because of carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Raymond v. International Business Machines Corp.*, 148 F.3d 63, 66 (2d Cir.1998) (applying *Pioneer* to Rule 6(b)(2)). Second, the moving party must establish that his failure to act was excusable. Whether a case of neglect was excusable is an equitable determination that must take into account all relevant circumstances surrounding the party's failure to act, including "the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

Zingerman's failure to meet the discovery deadline was clearly a case of neglect, perhaps even carelessness. But was that neglect excusable? The impact of the delay on judicial proceedings weighs against Zingerman. As Zingerman admits in his opening brief, granting the parties' motion

---

1. There are situations in which the district court may not grant an untimely motion for a continuance, *see* Fed.R.Civ.P. 6(b), but none of those exceptions applies here.

for an extension of the discovery deadline "would have likely harshly disrupted the trial court's docket." The reason for the delay also militates against Zingerman. The district court concluded that neither party acted in bad faith in causing the delay, deciding that there were legitimate reasons for each side's actions. Nevertheless, had Zingerman's attorneys not put off deposing key witnesses until the eleventh hour, or had they timely requested an extension during the six days between the death of Bryan's mother and the discovery deadline, there likely would have been no delay.[2] Thus, although the date of Bryan's mother's death was unforeseeable, the delay was still in Zingerman's reasonable control. As to the remaining factor, danger of prejudice to the non-moving party, had the district court extended discovery but left the dispositive-motions deadline unchanged, Freeman would have faced a reduced time period in which to move for summary judgment. Of course, that harm could have been avoided by extending the dispositive-motions deadline as well–but then the delay on judicial proceedings would have had a negative impact.

Were we reviewing de novo the decision to extend the discovery deadline, it is possible that we would reach a different decision than did the district court, although most of the *Pioneer* factors support the district court's determination. Our task on appeal, however, is to decide whether "it is apparent that the judge has acted unreasonably." It is not.

■ Zingerman's second and final argument is that the district court erred in considering several affidavits put forth by Freeman on summary judgment, and that the judgment should therefore be vacated. We disagree. Assuming that the district court erred when it considered the affidavits, Zingerman would be entitled to relief only if he established that the error prejudiced his substantial rights. *Rogers v. City of Chicago*, 320 F.3d 748, 751 (7th Cir.2003). Zingerman, however, does not even attempt to establish that level of prejudice. We therefore decline to disturb summary judgment on the basis of the district court's evidentiary decision. *See id.* (stating that, "[i]n the absence of Rogers's attempt to show prejudice, we decline, *for that reason alone*, to disturb the district court's judgment on the basis of its evidentiary rulings") (emphasis added).

AFFIRMED.

---

**2.** It is likely that such a request would have been granted, because a timely request for an extension would only have had to meet the less stringent requirements of Rule 6(b)(1) and could even have been granted "with or without motion or notice." *O'Regan v. Arbi-* *tration Forums, Inc.*, 246 F.3d 975, 989 (7th Cir.2001). Even had the request been denied, however, Zingerman might well have been able to substitute another attorney to take the depositions.