ALD-308                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2977
_____

IN RE:  BYRON BEDELL,
                                                                Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to 4-08-cr-00299)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 24, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Filed: September 5, 2014)
_____

OPINION
_____

PER CURIAM

Byron Bedell seeks a writ of mandamus, arguing that proceedings on a 28 U.S.C.

§ 2255 motion that he filed in the District Court are "stymied."  He notes that after he

filed his § 2255 motion, he filed a "motion to dismiss" (ECF No. 151) that the District

Court never "acknowledged as a motion" or ruled on.  He also maintains that a request

for the entry of default and a motion for default judgment were not entered on the docket

or considered.  Bedell states that "no final order has been entered of a Judgment and/or

Order by the District Judge and it has been about six (6) months without reply from the

Court." He asks us to order the District Court to rule on the "motion to dismiss," docket and rule on the motion for default judgment, enter a "declaratory judgment" in his favor on the docket, and hold an evidentiary hearing "to further determine his claims for relief under 28 U.S.C. § 2255."

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Bedell is not entitled to mandamus relief in this matter. First, the § 2255 proceedings are not "stymied." They are complete. The District Court exercised its jurisdiction and entered a final order denying Bedell's § 2255 motion on November 19, 2013. At that time, the District Court also ordered that "[a]ll other pending motions (Docs. 156, 172) are DENIED and DISMISSED" before closing the case. Although the District Court did not list Bedell's "motion to dismiss," it was effectively addressed either by the aspect of the order denying the § 2255 motion or the aspect of the order denying all other pending motions.

The "motion to dismiss," entered on the docket as a "[d]ocument filed by Byron Bedell entitled 'motion to dismiss' (referencing 13-CV-158)," was a challenge to Bedell's underlying conviction. In arguing that his conviction should be dismissed under Federal Rule of Civil Procedure 12(h)(3), he made "full and complete reference to all of the question [sic] presented in [his] original 28 U.S.C. § 2255." "Motion to Dismiss" at 2. Similarly, in his brief in support of his motion to dismiss his conviction, under the section he entitled "grounds," he again made "full and complete reference" to the arguments he previously made in support of his § 2255 motion. Brief in support of "Motion to Dismiss" at 6. Also, in his § 2255 motion, Bedell presented what could be considered overlapping arguments and asked the Court to act pursuant to Federal Rule of Civil Procedure 12(h)(3). See, e.g., § 2255 Motion at 7. Accordingly, when the District Court denied Bedell's § 2255 motion, denied "all other motions," and closed the case, the District Court rejected the arguments in the "motion to dismiss." Essentially, Bedell's request for a ruling on the "motion to dismiss" or a resolution of his § 2255 proceedings (with or without an evidentiary hearing) is moot.

Regarding the default judgment documents that Bedell claims were not docketed, we conclude mandamus relief is not appropriate. Bedell asserts that he submitted three documents to the District Court. He also presents partial copies of them (entitled "notice of default affidavit of notice," "declaration of entry of default," and "motion for entry of default") bearing the proper caption and civil docket number plus "filed" time-stamps from the District Court. Based on his evidence, it seems curious that they do not appear

3

on the docket for Bedell's case. It is "the district court's responsibility to manage its own files and to ensure that the record is complete." Passananti v. Cook Cnty., 689 F.3d 655, 660 n.1 (7th Cir. 2012). And a district court clerk has an obligation to mark with a file number and enter chronologically onto the docket all papers filed with the clerk. Fed. R. Civ. P. 79(a)(2)(A). Nonetheless, even if we assume Bedell has shown that he submitted the documents and had a right to their filing on the docket, we decline to grant his request to order their docketing.

We otherwise deny mandamus relief related to the filings because Bedell does not show that he had a clear and undisputed right to an entry of default or a default judgment. He based his arguments in favor of default on the respondent's purported failure to timely respond to his § 2255 motion. He claimed that the respondent did not respond within the 30 days permitted by the District Court. However, that is simply not true. On April 29, 2013 (not, as Bedell maintains, January 23, 2013), the District Court ordered the respondent to file a brief in opposition to the § 2255 motion within 30 days. The respondent filed its brief 25 days later, on May 24, 2013. There was not the asserted (or any other) basis for the entry of default or a default judgment, which is disfavored in any event. See Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994).

In short, to the extent that this mandamus petition is moot, we will dismiss it. Otherwise, we will deny it.

4