**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3296
_____

UNITED STATES OF AMERICA

v.

ADAM SCOTT,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-10-cr-00677-001)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2019

Before:  MCKEE, COWEN and RENDELL, Circuit Judges

(Opinion filed: September 18, 2019)

_____

O P I N I O N*

_____

PER CURIAM

Adam Scott appeals from the denial of his motion for a new trial under Fed. R. Crim. P. 33, which was addressed to certain wiretap evidence. We will affirm.

I.

In 2012, Scott was convicted of federal drug and firearm offenses. The evidence against him at trial included the testimony of his co-conspirator and co-defendant Vincent Marchant, the testimony of another of Scott's co-conspirators Darryl Naylor, and substantial physical evidence. The evidence also included wiretap communications intercepted pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, which were subject to the sealing requirement of 18 U.S.C. § 2518(8)(a).

After Scott's conviction, but before his sentencing, he moved for a new trial under Rule 33 on the ground that the Government had failed to produce orders sealing the wiretaps. After the Government produced those orders, Scott argued to the District Court that the orders required a new trial because they revealed the basis for a motion to suppress. The District Court invited Scott to make a motion to suppress if he wished, but Scott did not do so and the District Court found that the delayed production of the sealing

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

orders did not prejudice him. The District Court then denied Scott's Rule 33 motion and sentenced him to 300 months in prison.

Scott appealed and argued, inter alia, that the sealing orders revealed that the wiretaps were not timely sealed,[1] that the alleged defect required suppression of the wiretap evidence and a new trial, and that the District Court should have held a hearing on that issue. We affirmed. See United States v, Scott, 607 F. App'x 191 (3d Cir. 2015). In doing so, we held that Scott waived his wiretap-related arguments by failing to file a motion to suppress as the District Court invited him to do. See id. at 199-201.

About three months later, Scott filed a second Rule 33 motion for a new trial, which is the motion at issue here. The timing of Scott's motion required it to be based on "newly discovered evidence." Fed. R. Crim. P. 33(b). Scott, however, again relied on the same wiretap sealing orders and again argued that the wiretap evidence should be suppressed because the wiretaps were not timely sealed. In particular, Scott challenged the sealing of three sources of wiretap evidence. The first was a wiretap on the phone of Scott's co-conspirator and co-defendant Marchant. The second were wiretaps on two of Scott's own phones registered under the names "Leonardo DiCaprio" and "Jason James." The third was a wiretap on the phone of Philip Dimatteo, who was neither a defendant

---

[1] Communications intercepted pursuant to a Title III wiretap order must be made available to a judge and sealed "[i]mmediately upon the expiration of the period of the order, or extensions thereof[.]" 18 U.S.C. § 2518(8)(a). We have interpreted "immediately" to mean "as soon as administratively practical." United States v. Carson, 969 F.2d 1480, 1487 (3d Cir. 1992).

3

nor a witness at trial. Scott also argued that the Government's failure to produce the sealing orders earlier violated Brady v. Maryland, 373 U.S. 83 (1963).

In response to Scott's motion, the Government requested an evidentiary hearing. Thus, the District Court held a hearing at which the Government presented testimony on the circumstances surrounding the sealing of these wiretaps and at which Scott questioned the witnesses and made argument pro se.

The District Court later denied Scott's motion. The District Court, applying the framework set forth in United States v. Ojeda Rios, 495 U.S. 257, 266-67 (1990), and Carson, 969 F.2d at 1487, concluded that the Marchant wiretap evidence was timely sealed. The court further concluded that, even if it were not, a new trial was not warranted because suppression of that evidence would not likely have resulted in acquittal given the other evidence against Scott, including Marchant's testimony.

In light of its ruling on the Marchant wiretap evidence, the District Court found it unnecessary to address sealing of the Scott wiretap evidence because it concluded that all communications intercepted by that wiretap also were intercepted and available through the Marchant wiretap. The District Court further found it unnecessary to address the Dimatteo wiretap because Dimatteo was not a witness or defendant, the Government did not introduce any evidence relating to the Dimatteo wiretap, and Scott provided no reason to believe that the Dimatteo wiretap had any bearing on the case against him. Finally, the District Court concluded that the wiretap sealing orders were not material evidence under

Brady because, for the reasons it previously explained, they were not reasonably likely to result in suppression. Scott appeals.[2]

## II.

The Government argues for the first time on appeal that Scott waived the wiretap sealing issue and that his evidence was not "newly discovered" for purposes of Rule 33 because Scott relied on the same sealing orders in his previous Rule 33 motion and we affirmed the denial of that motion on the ground that Scott had waived his wiretap-related challenges. The Government is right and, if it had taken that position in the District Court, that should have been the end of the matter.

As explained above, however, the Government instead affirmatively requested an evidentiary hearing. (ECF No. 201 at 13). The Government does not acknowledge that request in its brief, though it concedes that it did not raise these arguments below. The Government nevertheless argues that we should affirm on these alternative grounds because they are supported by the record. We could do so if the Government merely forfeited these issues as opposed to affirmatively waiving them. See TD Bank N.A. v. Hill, 928 F.3d 259, 276 n.9 (3d Cir. 2019). There may be some question in that regard because it appears that the Government's request for a hearing may have been based on its misunderstanding of our prior decision.

---

[2] We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the District Court's denial of a Rule 33 motion for a new trial, though in doing so we review legal issues de novo. See United States v. Quiles, 618 F.3d 383, 390 (3d Cir. 2010).

We need not resolve that issue, however, because we can resolve this appeal on other grounds, including in large part a different waiver or forfeiture of Scott's own.[3] As explained above, the District Court held that the Marchant wiretap evidence was timely sealed and, in light of that ruling, it did not address the sealing of the Scott wiretap evidence. It also did not address the sealing of the Dimatteo wiretap evidence because Scott raised nothing suggesting that such evidence had any bearing on the case against him. Thus, the District Court addressed the sealing of the Marchant evidence only.

Scott, however, does not challenge the District Court's ruling on the Marchant evidence at all. Instead, he writes in his opening brief that he "will focus on the two Scott wiretaps and the Dimatteo wires" and proceeds to raise arguments addressed to the sealing of that evidence only. (Appellant's Br. at 1.) And even after the Government pointed out as much, Scott did the same in reply. Thus, Scott has provided us with no basis to review whether the sealing of the Marchant evidence was timely. We decline to do so.[4]

---

[3] We have liberally construed Scott's pro se filings in reaching this conclusion. We note, however, that Scott is a sophisticated litigant who had the benefit of a thorough counseled brief raising these wiretap issues in his prior appeal. We also note that Scott was on notice from our decision in his prior appeal of the need to properly raise issues in order to preserve them.

[4] We note, however, that the plain language of the relevant statute suggests that the Marchant evidence was timely sealed. Wiretap evidence must be sealed "[i]mmediately upon the expiration of the period of the order, or extensions thereof[.]" 18 U.S.C. § 2518(8)(a) (emphasis added). In this case, surveillance of Marchant ended with his arrest on June 2, 2010, and the wiretap evidence was sealed on June 10, 2010. The Marchant wiretap order, however, did not expire until June 25, 2010. Thus, the evidence was sealed even before the time required by the plain language of the statute. Despite that plain language, and as the District Court noted, we have suggested that the relevant statutory scheme might require the sealing of wiretap evidence as soon as practical after

Scott's arguments regarding the Scott and Dimatteo wiretaps do not meaningfully challenge the District Court's rulings or otherwise provide any basis to disturb its decision. First, while Scott argues that the Scott wiretap evidence was not timely sealed, he does not challenge or even acknowledge the District Court's ruling that all the communications intercepted as a result of the Scott wiretaps also were intercepted and available under the Marchant wiretap. The Government, to its credit, concedes that there were two exceptions. After surveillance under the Marchant wiretap ended, detectives intercepted through the Scott "Jason James" wiretap one conversation with and one voicemail left by one "Lopez," whom Scott's co-defendant Naylor identified at trial as one of Scott's suppliers. In the brief conversation, Scott asked, "is it here?" and Lopez answered "no . . . maybe on Friday." Similarly, in a voicemail that Lopez left for Scott several days later, Lopez said "call me, it's ready."[5] Neither the conversation nor the voicemail revealed the identity of the "it." The Government argues that suppression of this information could not possibly have made a difference at trial given Naylor's extensive testimony about his and Scott's dealings with Lopez and all of the other evidence against Scott. Scott has not argued otherwise and, in any event, we agree.

---

surveillance ends. See United States v. Vastola, 915 F.2d 865, 875 n.16 (3d Cir. 1990). In light of Scott's waiver or forfeiture of this issue, we decline to resolve it in this case.

[5] The conversation and voicemail were admitted at trial as the Government's Exhibits 94a and 100a and are included in the appendix filed in Scott's previous appeal, C.A. No. 13-3572, at App'x 1149-50 and 1156.

Second, Scott also has provided no basis to disturb the District Court's conclusion that it was not necessary to address the sealing of the Dimatteo wiretap evidence. Scott asserts without elaboration in his opening brief that "[e]vidence derived from those wires was used at trial." (Appellant's Br. at 5.) For the first time in reply, he then asserts that the warrant used for a GPS search that resulted in his apprehension "contained evidence derived directly from the two Dimatteo wiretaps." (Appellant's Reply Br. at 8.) Even in reply, however, Scott has provided no details in that regard. Among other things, he has not specified what evidence derived from the Dimatteo wiretaps was included in that warrant or provided any reason to believe that its exclusion would have resulted in a lack of probable cause (which the Government argues at length it would not have done).[6]

Finally, Scott argues that the District Court erred in denying his Brady claim based on the Government's belated production of the sealing orders. The District Court denied that claim on the ground that, as it discussed in connection with the Marchant wiretap, earlier production of the sealing orders would not have resulted in suppression.

Once again, Scott has not addressed that issue. Instead, he devotes most of his briefing on this point to arguing that the Government waived any objection to his Brady claim by failing to contest it below. Even if the Government had waived any objection, it is rarely appropriate to disturb a conviction on the basis of a default. Cf. Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (addressing habeas challenge). In any event,

_____

[6] It appears to remain an open question in this Circuit whether a delay in sealing wiretap evidence prevents its use to show probable cause for other searches. See Carson, 969 F.2d at 1500; Vastola, 915 F.2d at 876 n.19. We need not address that issue today.

8

the Government argued below that the sealing orders did not reveal a basis to suppress

the wiretap evidence, and that is the ground on which the District Court denied Scott's

Brady claim.  Scott has not meaningfully challenged that point as discussed above.

III.

For these reasons, we will affirm the judgment of the District Court.  Scott's
emergency motion to stay this appeal is denied.[7]  To the extent that Scott's filings can be
construed to request any other form of relief, including oral argument, they are denied as
well.

---

[7] Scott asks that we stay this appeal so that the Government can "respond" to new
evidence that he claims to have discovered and so that he can raise his new evidence with
the District Court.  Scott's motion is not an emergency, and there is no reason for a stay.
The Marchant wiretap evidence at issue here was from 2010, and there is no dispute that
(the sealing issue aside) the Government fully disclosed that evidence.  Scott now claims
that he recently discovered the existence of a previous Marchant wiretap in 2009 that the
Government never disclosed.  That issue is different and does not warrant consideration
by the District Court before resolution of this appeal.  Thus, Scott's request to stay this
appeal is denied.  Scott further requests that, if we decline to stay this appeal, we provide
instructions on how he should proceed with his new claim in the District Court.  We
decline to provide that legal advice.  See Mala v. Crown Bay Marina, Inc., 704 F.3d 239,
243-44 (3d Cir. 2013).  Thus, we express no opinion on whether or how Scott can raise
this claim with the District Court, which can address that issue if necessary in the first
instance.