23 F.3d 400
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 CHROMATICS, INCORPORATED, Plaintiff-Appellee,
v.
EXCHANGE TECHNOLOGIES, INCORPORATED; Vinod Bhalla, t/a
Exchange Technologies, Incorporated, Defendants-Appellants.
 No. 93-1332.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1994.
Decided April 29, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-91-167-B)
 Jay Barry Schuster, Baltimore, MD, for appellant.
 James Lee Katz, James Lee Katz, P.A., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and WILSON, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants, Exchange Technologies, Inc. ("Exchange") and Vinod Bhalla, waited more than eighteen months after learning that a default judgment had been entered against them in this contract action before moving for relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. They now claim the district judge should have granted their motion because the district court lacked subject matter jurisdiction. In addition, Bhalla maintains that he should be relieved from the judgment because he was not personally liable under the contract. We find the appeal to be without merit and affirm.
 
 I.
 
 2
 In January 1991 Chromatics, Inc. filed this breach of contract action against Exchange and Bhalla in the District Court for the District of Maryland seeking $90,580 in damages. Chromatics, Inc. is a Georgia corporation with its principal place of business in that state. Exchange is a Maryland corporation with its principal place of business in Maryland, and Vinod Bhalla is a citizen of Maryland. Diversity jurisdiction was asserted pursuant to 28 U.S.C.Sec. 1332. Chromatics' complaint alleged that it loaned a "colorgraphic computer" to Exchange and Bhalla pursuant to an agreement. The agreement, according to Chromatics' complaint, authorized Exchange and Bhalla to keep the equipment until August 10, 1990, and in the event they failed to return it, they agreed to pay Chromatics the retail purchase price on demand. A July 30, 1990 invoice indicates that Chromatics sent equipment retailing for $90,580 to Exchange in Baltimore. According to the complaint, Exchange and Bhalla failed to return the computer despite Chromatics' demand.
 
 
 3
 On April 10, 1991, Chromatics' complaint, according to the return of service, was served on Bhalla and Exchange. Neither Bhalla nor Exchange answered the complaint within the required twenty day period, and Chromatics moved for a default judgment and filed the affidavit of its executive vice-president supporting the amount claimed--$90,580. On May 7, 1991, the district court entered a default judgment against Bhalla and Exchange in that amount. Bhalla and Exchange first acknowledged the judgment in a May 23, 1991 letter to the Clerk of the district court stating that Bhalla never received the summons and complaint and that the default order was sent to the wrong address. Eighteen months later, on November 30, 1992, Bhalla and Exchange moved for relief from the default judgment under Rule 60(b) of the Federal Rules of Civil Procedure claiming that the district court lacked personal and subject matter jurisdiction. Bhalla also asserted that he should not have been held personally liable. They contended that the district court lacked personal jurisdiction because "Vinod Bhalla was not served with a[s]ummons and [c]omplaint as [p]laintiff's private process server had attested" (J.A. 28); that the district court lacked subject matter jurisdiction because the retail value of the computer, and, therefore, the amount in controversy, was $19,000, not $90,580; and that Bhalla was not personally liable because he was acting solely as Exchange's president. Bhalla certified that he had personal knowledge of the facts alleged in the motion and that they were true.
 
 
 4
 The district court held a hearing on the motion. At the hearing Bhalla and Exchange produced no evidence in support of their allegation that they were not served with process, and their counsel stated that they were "going to hold that issue in abeyance." (J.A. 58.) The district court, in effect, found that they abandoned the issue. The district court also found that the evidence before it at the time the judgment was entered established that there was $90,580 in controversy; that Bhalla was personally liable because Exchange's corporate charter had been revoked, making Bhalla personally liable on its contracts; and that the 60(b) motion was not made within a reasonable time.
 
 
 5
 This appeal raises two issues: whether the district court should have vacated the judgment for lack of subject matter jurisdiction because there was less than $50,000 in controversy and whether the district court abused its discretion in denying Bhalla's motion for relief from the judgment because he was not personally liable on the contract. Exchange and Bhalla have not pursued their challenge to the exercise of personal jurisdiction.
 
 II.
 
 6
 We view the challenge to subject matter jurisdiction to be a thinly veiled effort to litigate the merits of Chromatic's claim. At the time it entered judgment against Bhalla and Exchange, the district court had before it the affidavit of Chromatic's executive vice-president supporting the allegations of the complaint that Chromatics was owed $90,580. More than 18 months later the district court heard Bhalla's and Exchange's 60(b) motion and rejected their challenge to the amount of the judgment and to the district court's subject matter jurisdiction. It is obvious that the district court found that the amount claimed in Chromatic's complaint, and ultimately awarded, was claimed in good faith and was recoverable. Nothing more was needed to satisfy the amount in controversy requirement of 28 U.S.C. Sec. 1332. Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).*
 
 III.
 
 7
 Bhalla claims that he should not have been held personally liable because he acted solely in his capacity as Exchange's president and that the district court abused its discretion in not relieving him from the judgment because he had a meritorious defense. "Motions under Rule 60(b) must be brought 'within a reasonable time' and 'the movant must make a showing of timeliness.' " McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir.1991) (quoting Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir.1979)). The denial of an untimely motion under 60(b) is not an abuse of discretion. Because we agree with the district court that Bhalla did not move for relief from the judgment within a reasonable time, we find no abuse of discretion and conclude that it is unnecessary to address the merits of his defense.
 
 IV.
 
 8
 For the reasons stated, the district court's decision is
 
 
 9
 AFFIRMED.
 
 
 
 *
 We address the amount in controversy challenge to the district court's jurisdiction despite our conclusion that it was not made within a reasonable time in accordance with the express provisions of Rule 60(b). Whether we are required to do so is open to debate. See, e.g., Honneus v. Donovan, 691 F.2d 1 (1st Cir.1982)