Marshall JACKSON, Petitioner–Appellant,

v.

Jack R. DUCKWORTH, Respondent–Appellee.

No. 94–3016.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 7, 1997.

Decided April 30, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied May 29, 1997.

Catherine Masters Epstein, David C. Blickenstaff (argued), Schiff, Hardin & Waite, Chicago, IL, for Petitioner-Appellant.

Thomas D. Quigley (argued), Office of the Attorney General, Indianapolis, IN, for Respondent-Appellee.

Before FAIRCHILD, CUMMINGS, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

This appeal calls upon us to decide whether a state prisoner can invoke federal habeas corpus relief to redress a state court's inordinate delay in hearing and deciding a state petition for post-conviction relief. We recently addressed this very issue in *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 266, 136 L.Ed.2d 190 (1996), and held that federal habeas corpus does not supply a remedy in such a situation. As a result, we must deny Jackson's petition.

## I. HISTORY

In June of 1980, Marshall Jackson was convicted of felony murder and is presently serving a sixty-year sentence in an Indiana state prison. The Indiana Supreme Court affirmed his conviction in 1983. *See Jackson v. Indiana*, 446 N.E.2d 344 (Ind. 1983). On June 20, 1988, Jackson filed a petition for post-conviction relief in the Superior Court of Lake County. The State answered Jackson's petition on June 27, 1988, but the state trial court took no action on Jackson's petition over the next five and a half years.[1] During this time, Jackson was

---

1. Unfortunately for Jackson, a petition for post-conviction relief does not come within the ambit

represented by a string of five assistant public defenders.

On December 3, 1993, Jackson filed a *pro se* petition for a writ of habeas corpus in the Northern District of Indiana, alleging *only* that the state court's inordinate delay in considering his post-conviction petition violated his right to due process. Jackson's petition did not ask the district court to address any federal claims raised in his state-court petition. The State filed a motion to dismiss, but the court denied the motion, holding that Jackson did not have to exhaust his state court remedies before seeking federal habeas corpus relief and that Indiana's excessive delay in adjudicating Jackson's post-conviction petition could support a due process claim under 28 U.S.C. § 2254. *See Jackson v. Duckworth*, 844 F.Supp. 460 (N.D.Ind. 1994). Reasoning that the immediate release of Jackson would be "premature," however, the court analyzed Jackson's due process claim under a modified version of the balancing test applied to trial delays announced by *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The district court found that Jackson was not entitled to relief, but it refused to dismiss Jackson's petition at this stage. Instead, the court permitted Jackson to brief the issue of prejudice under the *Barker* test, and stated that if Jackson could prove that he had "a colorable state or federal claim that would warrant reversal of [his] conviction," it would consider issuing a "'conditional writ,' whereby the State is ordered to decide the prisoner's appeal within a time certain or else release the prisoner." *Jackson*, 844 F.Supp. at 465.

After reviewing both Jackson's and the State's arguments regarding prejudice, the district court determined that Jackson had failed to state a colorable claim for relief and denied his habeas petition. *Jackson v. Duckworth*, Civ. No. H 93–328, slip op. at 3–4 (N.D.Ind. July 25, 1994). In particular, the court found that Jackson had waived all of the claims in his state post-conviction petition because he had failed to raise them on direct appeal. *Id.*

On August 15, 1994, Jackson filed a notice of appeal and a request for a certificate of probable cause to appeal. The district court denied this request, but we granted Jackson's request for a certificate on December 2, 1994.[2]

After the district court rendered its decision, but before we granted Jackson's request for a certificate of appealability, the state court finally acted. On April 21, 1994, the Superior Court of Lake County held a hearing on Jackson's state post-conviction petition stating that "the only reason that we are here is to accommodate the federal court" and that he would not allow Jackson to "embarrass this court in the federal system." That court denied Jackson's petition on March 6, 1996, and Jackson (acting *pro se*) has appealed that decision.

## II. Analysis [3]

■ Although Jackson raises various issues in his brief, they all rest upon one critical assumption—*i.e.*, that federal habeas corpus relief may appropriately redress a prisoner's solitary claim that the state's excessive delay in hearing and deciding his state post-conviction petition violated his right to due process. The district court ruled that such relief was possible but denied the writ because Jackson had not shown how

of Rule 53.1 of the Indiana Rules of Trial Procedure. This rule requires a trial judge to promptly rule on a motion or lose jurisdiction. A special judge is then named by the Indiana Supreme Court to decide the matter. Petitions for post-conviction relief are specifically excluded from this procedure. Ind.R.Tr.P. 53.1(B)(4).

2. After both Jackson and the State initially briefed this appeal, we ordered counsel appointed for Jackson and directed his appointed counsel to address specific questions. Jackson's counsel was appointed on April 16, 1996, and both parties rebriefed the issues.

3. Although the Superior Court of Lake County ultimately denied Jackson's petition for postconviction relief, this case is not moot. Jackson has appealed that decision, which is presently before the Indiana courts. *Cf. Allen v. Duckworth*, 6 F.3d 458, 460 (7th Cir.1993) (holding that petitioner's habeas claim was moot because the Indiana Supreme Court finally ruled on his direct appeal and thus petitioner's victory on federal habeas corpus review would provide him with nothing).

the inordinate delay had prejudiced him. At the time the district court ruled, however, it did not have the benefit of this court's *Montgomery* decision, which was decided more than two years later. In *Montgomery*, we held that "delay in receiving a ruling on a discretionary state collateral appeal is not a ground for federal habeas corpus relief." *Montgomery*, 90 F.3d at 1206. Because Jackson's claim collides head-on with *Montgomery*, he asks us to reconsider that ruling. We find our *Montgomery* decision to be sound, however, and thus reject Jackson's claim.

Our decision in *Montgomery* rests on the foundation that federal habeas corpus cannot remedy a delay in a state collateral proceeding because such an error has absolutely nothing to do with the reason for a defendant's confinement. Indeed, if federal habeas corpus could remedy delays in a state post-conviction proceeding, then a state prisoner would be entitled to a release from confinement (or a reduction in sentence, which Jackson asserts is a suitable remedy here) even though his state criminal trial and direct appeals were constitutionally flawless. Habeas corpus does not contemplate such a compensatory remedy—its "object is not to make whole someone who has suffered a loss," but "to determine whether a person is being confined in violation of basic norms of legality." *Allen v. Duckworth*, 6 F.3d 458, 460 (7th Cir.1993).

In reaching our conclusion in Montgomery, we first looked to federal law and found that no "constitutional provision or federal law entitles [a defendant] to any state collateral review, *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987), let alone prompt collateral review." *Montgomery*, 90 F.3d at 1206 (parallel citations omitted). From that premise, we reasoned that federal habeas corpus could provide no relief for errors in state collateral review unless the review violates some other constitutional right, such as the right to equal protection. Id. We also noted that the overwhelming majority of our sister circuits had concluded similarly. Id. (citing cases).

We bolstered our analysis by distinguishing direct review, where inexcusable delay may violate due process, *see Allen*, 6 F.3d at 459, 460, from collateral review, where "[d]ue process does not include prompt resolution." *Montgomery*, 90 F.3d at 1206. Unlike a direct criminal appeal, a state's post-conviction review is not part of a criminal proceeding; rather, "it is a civil proceeding that occurs only after the criminal proceeding has concluded." Id. Thus, delay in such a proceeding neither "make[s] the continued imprisonment of the defendant unlawful," nor "warrant[s] federal habeas corpus relief." Id.

*Montgomery*, however, did leave one avenue for state prisoners to obtain federal habeas corpus relief based solely on a state's delay in reviewing a discretionary collateral appeal. The court noted that habeas relief might be appropriate if the state's conduct in the collateral proceedings violated an "independent constitutional right, such as the Equal Protection Clause." *Montgomery*, 90 F.3d at 1206. Relying on this language, Jackson asserts that he did make an equal protection argument (along with his due process argument), but that the district court did not reach this issue. *See Jackson*, 844 F.Supp. at 463 n. 5. Jackson argues that we must remand this case to the district court for a full evaluation of his equal protection argument. Our review of Jackson's § 2254 petition, however, reveals no mention of any equal protection violation. Rather, Jackson's undeveloped equal protection argument consists of nothing more than Jackson's inclusion of the words "and equal protection" after the words "due process" in a few inconspicuous places within his Memorandum of Law in Support of Traverse. Because a "[t]raverse is not the proper pleading to raise additional grounds for relief," *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994), we find that Jackson has not advanced a cognizable equal protection claim. *See id. But see Thompson v. Missouri Bd. of Parole*, 929 F.2d 396, 399 & n. 3 (8th Cir.1991).

Jackson maintains that our ruling will leave him with a constitutional right to due process, but no remedy to enforce that right. Every legal right, however, does not necessarily have a legal remedy. *See Allen*, 6

F.3d at 461. Moreover, contrary to Jackson's assertion, he does have a remedy for any violation caused by the delay in the adjudication of his state post-conviction petition. Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief. *See Lane v. Richards,* 957 F.2d 363, 365 (7th Cir.1992); *Lowe v. Duckworth,* 663 F.2d 42, 43 (7th Cir.1981); *Dozie v. Cady,* 430 F.2d 637, 638 (7th Cir. 1970). The district court found that the State's excessive delay excused Jackson from fulfilling the exhaustion requirement, *see Jackson,* 844 F.Supp. at 462–63, and neither Jackson nor the State[4] appears to contest this finding. Thus, if the district court correctly determined that Jackson need not fulfill the exhaustion requirement, Jackson's remedy would be that he could bypass the state collateral proceedings and bring the federal claims alleged in his state post-conviction petition directly to federal court.

Assuming that the State's delay exempts Jackson from meeting the exhaustion requirement, we still cannot reach the merits of the federal claims alleged in his state post-conviction petition because Jackson did not include them in his § 2254 petition. We must construe Jackson's *pro se* habeas petition liberally, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), but even our most favorable interpretation reveals that Jackson asserted no grounds for habeas relief other than the violation of due process resulting from the state court's inordinate delay. *See Jackson,* 844 F.Supp. at 463 (Jackson's "petition does not ask the court to address the merits of the federal claims in his state-court petition; instead, Jackson argues that the State's failure to resolve his post-conviction petition, in itself, constitutes a deprivation of due process and requires his release.")[5]; *see also Smith*

*v. Fairman,* 862 F.2d 630, 634–35 (7th Cir. 1988) (refusing to address issues not presented in pro se prisoner's habeas petition). Had Jackson asserted in his § 2254 petition the federal constitutional claims that he also alleged in his state post-conviction petition, we could remand this case to the district court to consider the merits of those claims. But because Jackson failed to put these issues before the district court in his habeas petition, he cannot do so here on appeal.[6] *See Henderson v. DeTella,* 97 F.3d 942, 946 (7th Cir.1996), *cert. denied,* ── U.S. ──, 117 S.Ct. 1471, ── L.Ed.2d ── (1997); *Griswold v. Greer,* 712 F.2d 1200, 1205 (7th Cir. 1983).

Finally, we note that our decision should in no way be read as an approval of Indiana's disturbing inability to adjudicate Jackson's state postconviction petition more quickly. Federal habeas corpus simply provides Jackson with no relief. Thus, we AFFIRM the district court's denial of Marshall Jackson's § 2254 petition.

---

4. The State concedes that the delay was inordinate, but it does contest whether it was unjustified. We need not decide this issue, however, because Jackson did not include the federal claims from his petition for state post-conviction relief in his petition for federal habeas corpus.

5. The district court also denied Jackson's April 1, 1994 request for adjudication on the merits of his state-court petition because Jackson had not pre-

sented those grounds to the court as required by Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. *See Jackson v. Duckworth,* Civ. No. H 93–328, slip op. at 2 (N.D.Ind. June 23, 1994).

6. We express no opinion regarding whether Jackson may bring a subsequent § 2254 petition based on any federal claims alleged in his state petition for post-conviction review.