124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Pedro TAPIA-HERNANDEZ, Petitioner-Appellant,,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1606.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 7, 1997.*
Decided Aug. 8, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 
 
 2
 Before Hon. RICHARD A. POSNER, Chief Circuit Judge Hon. FRANK H. EASTERBROOK, Circuit Judge Hon. DANIEL A. MANION, Circuit Judge
 
 ORDER
 
 3
 Pedro Tapia-Hernandez was convicted by a jury of conspiracy to possess with intent to distribute heroin, and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, respectively. He was sentenced to 120 months' imprisonment on each count to run concurrently, five years of supervised release and fined $5,000. Tapia-Hernandez raised one issue on appeal: whether the prosecutor's comment during rebuttal argument regarding TapiaHernandez's failure to raise an entrapment defense violated his Fifth Amendment right not to testify. This court held that the comment did not violate Tapia-Hernandez's Fifth Amendment right, and affirmed his conviction. United States v. Tapia-Hernandez, No. 93-3521, 1994 WL 159449 (7th Cir. June 13, 1994). Tapia-Hernandez then filed a petition under 28 U.S.C. § 2255, raising four new issues: (1) that the district court violated his constitutional right to a defense and a fair trial by preventing effective cross-examination of the government's main witness; (2) that he was deprived of his Due Process and Confrontation Clause rights when he was denied access to certain original tape recordings used against him at trial; (3) that he was denied the effective assistance of trial counsel; and (4) that the fine assessed against him violated the Sentencing Guidelines. The district court denied Tapia-Hernandez's petition on procedural default grounds. We affirm.
 
 
 4
 A section 2255 motion is not a substitute for a direct appeal. Barnickel v. United States, 113 F.3d 704, 706 (7th Cir.1997). An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice. Prewitt v. United States, 83 F.2d 812, 816 (7th Cir.1996).
 
 
 5
 Tapia-Hernandez has neither identified cause for his failure to raise his claims on direct appeal nor argued that refusal to consider any of these issues would result in a fundamental miscarriage of justice. His briefs before the district court and this court treat his section 2255 petition as if it was merely another appeal gof his criminal conviction. Tapia-Hernandez has, therefore, procedurally defaulted all issues raised in his petition.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 With respect to the ineffective assistance of counsel claim, Tapia-Hernandez alleges that his counsel was ineffective at sentencing, while his petition argues that counsel was ineffective in his trial conduct. Even if Tapia could establish cause and prejudiced, we will not review an issue not raised in a habeas petition. Jackson v. Duckworth, 112 F.3d 878, 881 (7th Cir.1997)