132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony D. HOGAN, Petitioner-Appellant,
v.
Craig HANKS, Respondent-Appellee.
 No. 96-2520.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 24, 1997.*
Dec. 5, 1997.
 
 1
 Appeal from the United Stated District Court for the Southern District of Indiana, Terre Haute Division.
 
 
 2
 Before Hon. John L. COFFEY, Circuit Judge Hon. Frank H. EASTERBROOK, Circuit Judge Hon. Michael S. KANNE, Circuit Judge
 
 Order
 
 3
 Anthony Hogan, an inmate of Indiana, filed a petition for habeas corpus under 28 U.S.C. § 2254 complaining about the outcome of 17 disciplinary hearings during 1993 and 1994. The district court denied the petition, and on appeal Hogan limits his discussion to five of the episodes. For three of these five, the state'sadministrative apparatus has taken more than four years to render a decision on Hogan's appeals. By taking proper appeals, Hogan gave the state an opportunity to set its house in order; he has exhausted the avenues of relief open to him, and the state's failure to respond to his appeals cannot preclude him from seeking a federal remedy. Jackson v. Duckworth, 112 F.3d 878, 881 (7th Cir.1997). Moreover, some of the five disciplinary proceedings led to loss of liberty (good time credits), and because Hogan's substantive objections to all decisions are identical, it is unnecessary to determine whether each of the five entailed a loss of liberty under Sandin v. Connor, 515 U.S. 472 (1995).
 
 
 4
 The heart of Hogan's argument is that the boilerplate language used by the Conduct Adjustment Board violated the due process clause of the fourteenth amendment. In each of the five decisions now being contested, the Board's decision reads: "The board believes the [conduct report] to be true and correct as written. Reporting staff is credible. Preponderance of evidence supports a finding of guilty." Hogan contends that this formula violates the principles established in Wolff v. McDonnell, 418 U.S. 539 (1974). It does not. It informs Hogan what information the Board relied on and the basis of its decision. In each of the five hearings the evidence consisted of an officer's conduct report and Hogan's testimony denying the charge and impugning the complainant's honesty. In each case the Board had to make a credibility decision. In each case the Board made a decision and relayed it to the prisoner. Nothing else is required. Culbert v. Young, 834 F.2d 624, 631 (7th Cir.1987). The due process clause does not set up the federal courts as school teachers, grading the papers of state officials. It is enough that they made and communicated a decision. That Hogan lost many cases in a row does not suggest that the Board is biased, as Hogan seems to believe. It may show only that Hogan repeatedly violated the institution's rules and lied to the Board about his conduct.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)