NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2009[*]
Decided August 6, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-3939

| | |
|---|---|
| NOLDON WADLEY, *Petitioner-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 C 258 |
| DONALD GAETZ, *Respondent-Appellee.* | George W. Lindberg, *Judge.* |

**O R D E R**

Noldon Wadley, an Illinois state prisoner, was convicted of murder after a jury trial and sentenced to a term of life imprisonment. The district court denied Wadley's petition for a writ of habeas corpus, 22 U.S.C. § 2254, but certified one issue for appeal: whether Wadley was deprived of a fair trial before an unbiased tribunal. Because Wadley has not shown that the trial judge was biased in his case, we affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

In 1985 Wadley was tried and convicted before Cook County circuit court judge Thomas Maloney, a corrupt judge who took bribes to fix cases. *See United States v. Maloney*, 71 F.3d 645 (7th Cir. 1995). Wadley unsuccessfully appealed his conviction, *People v. Wadley*, 523 N.E.2d 1249 (Ill. App. Ct. 1988), and the Supreme Court of Illinois denied his petition for review, 530 N.E.2d 261 (Ill. 1988). Wadley petitioned pro se in 1993 for post-conviction relief and amended that petition in 1998 to add the claim that he was denied a fair trial because of Maloney's corruption. The state trial court dismissed those petitions, but the appellate court reversed and remanded for further proceedings because Wadley failed to receive notice of the pending dismissal. *People v. Wadley*, 859 N.E.2d 318 (Ill. App. Ct. 2003). The petitions remain pending.

Wadley, with the assistance of appointed counsel, then petitioned the federal district court for a writ of habeas corpus, raising eight claims for relief. Wadley's claim of judicial bias—the only claim certified for appeal—was based on the same theory of "compensatory bias" that the Supreme Court considered in another case involving Maloney, *Bracy v. Gramley*, 520 U.S. 899 (1997). In that case, the Court recognized that a judge might conceivably be bribed to acquit in some cases while favoring the prosecution in other cases to either deflect suspicion or demonstrate to other defendants what happens if they do not pay. *Id.* at 905.

The district court excused Wadley's failure to exhaust state court remedies because of the inordinate and unjustifiable delay attributable to the state, but ultimately rejected all eight grounds for relief. With respect to the judicial bias claim, the court pointed out that even proof that a judge sometimes took bribes is of itself insufficient to establish bias. Instead, as the *Bracy* Court noted, the petitioner must demonstrate that the judge "was actually biased *in petitioner's own case.*" *Id.* at 909. To meet that burden, Wadley pointed to seven of Maloney's discretionary decisions that he maintains demonstrate the judge's bias against him.[*]

---

[*]Unfortunately, substantial portions of the trial record were apparently lost by the Cook County Clerk's Office. Wadley insists that the absence of the trial transcript deprived him of the opportunity to present his petition, but he offered nothing but speculation to support that claim. On review of his habeas petition, the district court was entitled to presume the factual findings of the state court were correct. 28 U.S.C. § 2254(e); *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005). In the absence of a complete trial record, the district court should "determine under the existing facts and circumstances what weight shall be given to the State court's factual determination." 28 U.S.C. §2254(f); *Dalton v. Battaglia*, 402 F.3d 729, 736 (7th Cir. 2005). Wadley had access to complete trial records when preparing his

(continued...)

Three of these—statements that Maloney had made at trial—were rejected by the district court. First, the court rejected Wadley's claim that Maloney showed bias by "objecting on behalf of the prosecutor"; the court found the exchange between Maloney and defense counsel over the form of a question to be inconsequential. Second, the court rejected the claim that Maloney improperly questioned a prosecution witness about the configuration of the police station; the court noted that a trial judge has the discretion to question a witness to clarify an issue, and the questions here did not reflect any bias. Third, the court disputed the claim that Maloney gave an improper oral jury instruction when he told the jury not to consider the criminal liability of persons other than the defendant; the court concurred with the Illinois Appellate Court that Maloney's statement was in fact proper and did not prejudice Wadley.

The court also rejected Wadley's assertion that four evidentiary rulings demonstrated Maloney's bias. Initially the court found that Wadley's post-arrest statement was properly admitted—and failed to demonstrate any bias—because the issue had not been raised on direct appeal. Second, the court found no bias from the admission of testimony concerning Wadley's gang membership and previous crimes because it explained Wadley's motivation to murder a witness poised to testify against a member of Wadley's gang. Third, the court agreed with the appellate court that Maloney should not have allowed further evidence of the circumstances of that arrest, but the admission of the rebuttal evidence was harmless and also failed to display bias. Finally, the court found no inference of bias in Maloney's admission of cross-examination regarding Wadley's drug dealing after initially precluding it; the court agreed with the appellate court that the testimony was properly admitted because it was part of a continuing narrative connected to the surrounding events and explained why he was standing on a particular street corner, how he knew the gang's leader, and why he entered the vacant lot where the shooting took place.

On appeal, Wadley (now proceeding pro se) rails at length against the fundamental unfairness of having his trial presided over by a crooked judge. He also lists, in cursory fashion, the same seven actions at trial that he maintains demonstrate Maloney's bias. But he has failed to point out any other error in the district court's analysis of the purportedly

---

*(...continued)
direct appeal, and the district court also allowed Wadley to depose Maloney before his death to help fill any gaps. (The former judge remembered nothing of Wadley's trial. He also denied that he ever took a bribe or was biased in any case.) The absence of the trial transcript was one of the independent grounds for habeas relief denied by the district court.

biased acts and provides no further illustration of Maloney's alleged bias.  For substantially the reasons stated in the district court's comprehensive order, we affirm the court's disposition of this issue.

Wadley also urges us to expand the certificate of appealability to incorporate all the other issues raised in his petition before the district court.  We decline his invitation, however, because, like the district court, we conclude that Wadley has not made a substantial showing that another constitutional right has been denied.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

A final procedural note, though.  The district court should not have denied Wadley's claim of ineffective assistance of counsel on the basis of procedural default.  The court reasoned that Wadley failed to exhaust his claim of ineffective assistance of trial counsel by not raising it on direct appeal, and that Wadley waived any claim of ineffective assistance of appellate counsel by not raising it in his post-conviction petitions.  But the Supreme Court of Illinois has concluded that an ineffective assistance of counsel claim is not waived for failing to raise it on direct appeal.  *People v. Bew*, 886 N.E.2d 1002, 1009-10 (Ill. 2008) (applying the reasoning of *Massaro v. United States*, 538 U.S. 500, 509 (2003)).  And whether Wadley adequately raised the issue in his post-conviction petitions in state court, failure to exhaust will not bar a petition if, as the district court found, an inordinate and unjustifiable delay renders the state's process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Nevertheless, our review of the record reassures us that Wadley has failed to substantially establish that the assistance of his trial or appellate counsel was ineffective under the familiar *Strickland* standard.  *See Strickland v. Washington*, 466 U.S. 668, 691-92 (1984); *Bynum v. Lemmon*, 560 F.3d 678, 685 (7th Cir. 2009).  Given the overwhelming evidence of guilt, including Wadley's  post-arrest confession as well as the corroborating testimony of the two witnesses to the slaying, we conclude that his defense was neither compromised nor prejudiced by counsel's performance.

**AFFIRMED**.