**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 8, 2009[*]
Decided October 9, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-1669

RANDALL MINNIEFIELD,
    *Petitioner-Appellant*,

    *v.*

BRUCE LEMMON,
    *Respondent-Appellee*.

Appeal from the United States District
Court for the Southern District of Indiana,
Terre Haute Division.

No. 2:08-cv-276-RLY-WGH

Richard L. Young,
*Judge*.

**O R D E R**

Randall Minniefield, an Indiana prisoner, petitioned under 28 U.S.C. § 2254 for a writ of habeas corpus, challenging a prison disciplinary hearing in which he lost earned good-time credit. The district court denied the petition. Minniefield appeals, and we affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Inmates with the Indiana Department of Corrections are not allowed to have cell phones. Last year a disciplinary board deducted 120 days of earned credit from Minniefield for possession of a cell phone. At Minniefield's hearing prison officials presented as evidence the underlying conduct report, the statement of the officer who conducted the search in which the phone was discovered, a confiscation report, and photos of the phone and battery pack. The board's stated rationale for its decision was curt: "board find c/r True & factual Board finds guilty." The board also specified the evidence it relied on—staff reports, the phone, etc.—and the reason for the sanction imposed—seriousness of charge, etc. Minniefield administratively appealed the decision, raising four arguments: 1) insufficient evidence; 2) the non-credible conduct report; 3) biased decision maker; and 4) retaliatory discipline. His appeals were unsuccessful.

Minniefield renewed his arguments in his petition to the district court and, after the state responded, raised a new argument: the record was constitutionally inadequate because "the 'Reason for Decision' section was not completed with enough details." According to Minniefield, "The 'rubber stamp claim' that 'Board finds c/r true & factual,' yields no insight into the Disciplinary Hearing Body's rationale in finding guilt." The district court found that the board "issued sufficient statements of its findings," then analyzed Minniefield's original four claims and denied the petition.

Minniefield limits his appeal to the lone argument he raised after the state responded to his § 2254 petition—that the disciplinary board violated due process by failing to adequately explain its decision. But Minniefield waived this argument by not raising it first in the petition. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 2(C)(1) ("the petition must: (1) specify all grounds for relief available to the petitioner"); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements and comply with this Court's doctrines of procedural default and waiver.") (citations omitted); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997) ("because Jackson failed to put these issues before the district court in his habeas petition, he cannot do so here on appeal"). And, even if we were to address Minniefield's argument on the merits, we would still affirm; the board's abbreviated statement was sufficient. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (citing *Saenz v. Young*, 811 F.2d 1172 (7th Cir. 1987)).

Accordingly, we AFFIRM the judgment.